Opinion filed February 12, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed February 12,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00177-CR

                                                      _________

 

                                    GERALDO
SALAZAR, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

                                                          Brown
County, Texas

                                                 Trial
Court Cause No. CR17994

 



 

                                             M
E M O R A N D U M   O P I N I O N

Geraldo
Salazar appeals his conviction by a jury for the offense of possession of less
than one gram of methamphetamine.  The jury assessed his punishment at
confinement for twenty years.  He contends in a single issue that the trial
court erred by admitting into evidence photographs of jewelry found in a
vehicle driven by him at the time of an alleged extraneous offense.  We affirm.

At
the punishment stage of trial, the State introduced photographs of drug
paraphernalia and a large collection of jewelry found during the search of a
vehicle driven by Salazar for the purpose of showing that Salazar had committed
an unadjudicated drug offense.  Salazar=s
counsel objected to the depiction of jewelry contained in the exhibits on the
basis that the jewelry was unrelated to the unadjudicated drug offense and,
therefore, that the probative value of the exhibits greatly outweighed the
prejudicial value.  The trial court admitted the exhibits depicting the jewelry
with the condition that the State show it was not its contention that the
jewelry items were stolen.








Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, of confusing the issues, or
misleading the jury or by considerations of undue delay or needless
presentation of cumulative evidence.  Tex.
R. Evid. 403.  Salazar suggests that the admission of the photographs of
the jewelry would lead the jury to believe that he had committed some other
crime such as theft of the jewelry and that the admission of the photographs
was designed to impress the jury in some irrational but nevertheless indelible
way.  Inasmuch as the trial court required the State to negate any suggestion
that it was contending that the jewelry in question was stolen and inasmuch as
Salazar has no suggestion as to any other negative impression the photographs
of the jewelry might have left with the jury, we hold that the trial court did
not abuse its discretion in admitting the photographs of the jewelry into
evidence because its probative value, although slight, is not substantially
outweighed by the danger of unfair prejudice.

John
Paul Moody, an investigator with the Brown County Sheriff=s Office, was the witness
who testified concerning the exhibits in question.  After the exhibits were
admitted, he testified that he had not found any jewelry that he believed was
stolen or Asuch as
that@ and that the
jewelry had been returned to the owner of the vehicle.  Further, the State did
not mention the jewelry in its final argument on punishment.  We also note that
the State presented evidence of five previous felony convictions.  Taking all
of these things into consideration, we hold that, even if the trial court had
erred in allowing photographs of the jewelry to be introduced into evidence, we
must disregard such error because it did not affect Salazar=s substantial rights.  Tex. R. App. P. 44.2(b).  We overrule
Salazar=s sole issue
on appeal.

The
judgment is affirmed.

 

February 12, 2009                                                                   PER
CURIAM

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

Strange, J., and Hill, J.[1]

 

 

 

 









[1]John G. Hill, Former Justice, Court of Appeals, 2nd District
of Texas at Fort Worth, sitting by assignment.